[No. 18084. Department One. December 15, 1923.]

CECIL VERNA CAMPBELL, *Respondent*, v. JAMES HOWARD
CAMPBELL, *Appellant*.[1]

DIVORCE (104)—CUSTODY OF CHILD — MODIFICATION OF DECREE—
EVIDENCE. An order modifying a decree of divorce as to the custody
of the children will not be disturbed on appeal where the evidence
is evenly balanced, unless there be a sincere conviction that the trial
court erred.

Appeal from an order of the superior court for King
county, Brinker, J., entered February 13, 1923, in favor
of the cross-petitioner, modifying a decree of divorce
respecting the custody of children, after a hearing to
the court. Affirmed.

*Elias A. Wright* and *Sam A. Wright*, for appellant.
*Edward H. Chavelle*, for respondent.

TOLMAN, J.—The parties to this proceeding were
divorced by a decree dated June 15, 1921. Prior to the
entry of the decree, they, by written stipulation, agreed
that, if a decree should be granted, the court might
award the custody of the older of their two sons, James
Howard Campbell, Jr., then aged about three years, to
the father, and might award the custody of the younger
son, Malcolm Robert Campbell, aged about fifteen
months, to the mother. This agreement was ratified by
the decree, and the children were disposed of accord-
ingly, with the right to each parent to visit the child
awarded to the other at all reasonable times, and an
allowance of thirty dollars per month to be paid to
the mother for the support of the child awarded to her.

In October, 1922, appellant petitioned for a modi-
fication of the decree, so as to award to him the custody
of both of the children, or, in the alternative, that he

[1]Reported in 221 Pac. 306.

be given the sole custody of the child theretofore awarded to him, and that the amount to be paid for the support of the other child be reduced to twenty dollars per month. Respondent thereupon cross-petitioned for a modification giving her the custody of both children, and increasing the allowance for support to sixty dollars per month.

After a full hearing thereon, the trial court so modified the decree as to award the custody of both children to respondent, with the right in the father to visit them, or to have them visit him on Saturday and Sunday of each week. In all other respects the prayers of the petition and cross-petition were denied. From that order, this appeal was taken.

At the hearing below, each party appeared with a host of witnesses, and each made what appears on paper to be a perfect case—perfection upon his or her own part, and a most appalling lack of perfection upon the part of the other. No human mind can, from the written record, reach a conclusion, with any feeling of confidence, that the truth has been arrived at. Only an omnipotent mind can do that.

Appellant advances two lines of argument here: first, that the evidence shows that respondent was so eager to obtain a divorce that she willingly agreed that her husband should have the older child, in order to avoid a conflict which might have been fatal to her case, and she should, therefore, be held to her bargain. The answer to this is two-fold. We are not satisfied that the evidence shows this mother to have so bargained away her child, and even if that were true, we are not now so much concerned about her wishes as we are about the future welfare of the child.

Second, it is contended that respondent has failed to show a change in conditions since the entry of the

original decree, or that the child will be better cared for in her custody than it has been while in the custody of the father. This argument assumes that the testimony in her behalf to the effect that there were many changes, that the child had been greatly neglected by the father and abused by his subsequently married wife, is offset by the testimony on behalf of appellant, and we might be forced to so hold were it not that the trial court saw and heard all of these witnesses in person, and it is hardly conceivable that, in the course of the extended hearing, he failed to note some of the little frequently occurring things which seldom get into the record, and yet which are to the experienced better and safer guides than a mere preponderance in the number of witnesses. Where the evidence is so evenly balanced as it is here, we cannot take from the trial court its responsibility to determine the truth, without at least a sincere conviction that he has erred in that respect. A careful study of all of the evidence in this case has failed to bring to our minds such a conviction. The judgment of the trial court is therefore affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.